**MARGOLIS EDELSTEIN**
By: Vincent J. Iozzi, Esquire
The Curtis Center
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19106-3337
Phone: (215) 931-5804
Fax: (215) 922-1772                    *Attorney for Plaintiff*
Attorney Id. 50688
Email: viozzi@margolisedelstein.com

| | |
|---|---|
| ATLANTIC STATES INSURANCE COMPANY ASO EDWARD WHITBY AND SARAH WHITBY<br>　　　　　　　　Plaintiff<br><br>vs.<br><br>UNITED STATES OF AMERICA<br>　　　　　　　　Defendant | UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA<br><br>Docket No. |

## CIVIL ACTION- COMPLAINT

Plaintiff, Atlantic States Insurance Company as subrogee of Edward and Sarah Whitby, hereby files this Complaint against defendant, United States of America, and alleges as follows:

### PARTIES

1.　　Plaintiff Atlantic States Insurance Company (Atlantic States) is an insurance company with a principal place of business located at 1195 River Road, PO Box 302, Marietta, PA 17547-0302.  It is authorized to transact business in the Commonwealth of Pennsylvania.

2.　　At all times relevant, Atlantic States insured Edward and Sarah Whitby with respect to a motor vehicle involved in the collision at issue.

3.　　Defendant, United States of America, by and through the United States Postal Service, owned or leased, possessed, occupied or controlled and was responsible for a motor vehicle postal truck involved in the motor vehicle collision at issue.

4.　　At all times relevant, United States Postal Service ("USPS") employee Julian Perez-Mager, was a federal employee acting within the course and scope of his employment with

the United States Postal Service, and was the operator of the USPS vehicle involved in the accident at issue.

5. This action is deemed to be an action against the United States of America, and shall proceed against the United States of America because Julian Perez-Mager was acting within the course and scope of his employment pursuant to 28 U.S.C. Section 2679 (d) at the time of the accident.

## JURISDICTION

6. The United States District Courts have exclusive jurisdiction over this civil action against the United States of America pursuant to 28 U. S. C. 1346 (b).

## NOTICE OF CLAIM

7. On or about February 22, 2024, Atlantic States filed a notice of claim with the United States Postal Service in the form attached as Exhibit A.

8. The USPS has issued a denial of the claim dated July 30, 2024, attached as Exhibit B.

## FACTS

9. This lawsuit arises out of a motor vehicle collision that occurred on December 19, 2023, at approximately 12:12 p.m., at or near 41 Hones Road, Penn Township, Westmoreland County, Pennsylvania.

10. At the time and place mentioned, Julian Perez-Mager was the operator of a white 1194 GMC United States Postal Service vehicle (hereafter Postal Vehicle) west bound on Hones Road approaching 41 Hones Road.

11. At the time and place mentioned, Plaintiff's motor vehicle, a 2022 Maroon Honda Pilot owned by Edward Whitby and operated by Sarah Whitby, his wife, was westbound on Hones Road ahead of the Postal vehicle and backing into her driveway at 41 Hones Road.

2

12. The collision at issue occurred when the operator of the Postal Vehicle failed to stop the Postal vehicle and struck Plaintiff's Honda on its passenger side after leaving 92 feet of skid marks on the roadway.

13. As a direct and proximate result of the collision, Plaintiff's 2022 Honda Pilot police vehicle sustained substantial damage for which the Whitby's made claim to Atlantic States.

14. Atlantic States has adjusted the claim and made payments to or on behalf of its insured in the amount of $8,206.66 for damage to the vehicle and rental vehicle charges, after applying a $500.00 deductible.

15. Total damages are therefore $8,706.66, including the insured's deductible, as follows:

| | |
|---|---|
| Vehicle repair | $7,206.72 |
| Rental charges | $1,499.94 |
| Total damages: | $8,706.66 |

16. The motor vehicle collision resulted directly and proximately from the negligence, carelessness and recklessness of the defendant and was due in no manner whatsoever to any act or failure to act on behalf of Plaintiff or Plaintiff's subrogor.

**Count I**

18. Plaintiff hereby incorporates the above paragraphs as though fully set forth at length.

19. At all times relevant hereto, Defendant United States of America acted by and through its duly authorized agents, servants, workmen, and/or employees who were acting within the course and scope of their agency and/or employment, and in furtherance of the interests of the United States Postal Service and the United States of America.

20. The motor vehicle collision at issue and resulting damages and losses sustained by Plaintiff resulted from the negligence, carelessness and recklessness of the defendant United

3

States of America, acting by and through its duly authorized agents, servants, workmen and/or employees, which consisted of the following:

    a.    Negligently and carelessly operating the US Postal Service motor vehicle without regard for other vehicles rightfully and lawfully on the highway;

    b.    Failing to stop the Postal Vehicle before striking Plaintiff's vehicle which was lawfully occupying westbound Hones Road ahead of the Postal vehicle.

    c.    Negligently and carelessly operating its vehicle at a high and dangerous rate of speed;

    d.    Failing to maintain control of its vehicle;

    e.    Failing to stop its vehicle in time to avoid the collision, despite having ample time and opportunity to do so;

    f.    Failing to keep proper lookout for vehicles, including oncoming traffic, at the time and place mentioned; and

    g.    Failing to operate the Postal Vehicle reasonably under the circumstances and maintain control over its vehicle so as to avoid colliding with Plaintiff's vehicle.

21. As a direct and proximate result of defendant's negligence, carelessness and recklessness, Atlantic States has sustained the damages and losses referenced above, for which claim is made.

Wherefore, Atlantic States Insurance Company demands judgment in its favor as against defendant United States of America in the amount of $8,706.66, along with interest, delay damages, attorney fees and costs as may be allowed by law, and such other relief as the Court may deem appropriate under the circumstances.

**MARGOLIS EDELSTEIN**

BY: *Vincent J. Iozzi*
_____
VINCENT J. IOZZI, ESQUIRE
Attorney for Plaintiff

DATE: November 12, 2024